I respectfully dissent from the majority's opinion. I generally agree with the majority's conclusion ". . . [the] trial court went to great lengths to review the totality of the circumstances and carefully explain the nature of the contempt allegations, the possibility of incarceration, and basic court procedures." (Majority Opinion at 7). I also agree with the majority the notice to appellant substantially complied with R.C. 2705.031(C). The basis for my dissent lies in the failure of the trial court to advise appellant of the range of allowable punishments, possible defenses to the charge and circumstances in mitigation thereof as required by the United States Supreme Court in Von Moltke v. Gillie (1948), 332 U.S. 708, and as extended to misdemeanors in Argersinger v. Hamlin (1972), 407 U.S. 25. In its brief to this Court, appellee states, ". . . the trial court also explained the nature of the charges against Appellant as well as possible punishment if she is found in contempt." (Appellee's Brief at 10-11). While the trial court did advise appellant of the possibility of incarceration, it did not advise her of the possible range of punishments as required by Von Moltke. Furthermore, it is questionable whether the trial court's statement "if it is a willful violation . . . punitive sanctions can be imposed" (T. July 6, 1998 at 8-9) sufficiently advises appellant of possible defenses to the contempt charge and circumstances in mitigation thereof as required in Von Moltke. Because I find the record herein fails to establish a knowing and intelligent waiver of her right to counsel, I would sustain appellant's first assignment of error, vacate the trial court's finding of contempt and remand the case to the trial court for further proceedings.